FILED
SUPERIOR COURT
OF GUAM

2024 MAY 17 PM 3: 25

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. **CF0495-21** |
| vs. | |
| MANUEL JUNIOR CABRERA TEDTAOTAO, aka Manuel Jr. Cabrera Tedtaotao, aka Manuel Cabrera Tedtaotao, Jr., aka Manny, DOB: 07/13/1982 | DECISION AND ORDER RE. MOTION TO WITHDRAW AS COUNSEL AND APPOINTING NEW COUNSEL |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Judge Maria T. Cenzon on March 12, 2024, for a Further Proceedings hearing in this case. However, the Court was made aware that on that same day, a Motion and Memorandum In Support of Motion to Withdraw As Counsel was filed by Attorney Isa B. Baza as court-appointed counsel (hereinafter "Defense Counsel" or "Attorney Baza") to Defendant Manuel Junior Cabrera Tedtaotao (hereinafter "Defendant"). Defendant was present via Zoom with Attorney Jehan'ad Martinez (appearing on behalf of Attorney Baza) and present for the People was Assistant Attorney General Charlie Carsey. Following the hearing, the Court took the matter under advisement pursuant to CVR 7.1(e)(6)(D) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM and Administrative Rule Nos. 06-001. After

*People of Guam vs. Manuel Junior Cabrera Tedtaotao*
Criminal Case No. CF0495-21
Decision and Order re. Defense Counsel's Motion to Withdraw
Page **1** of **9**

considering the pleadings on file and having heard oral arguments, and after reviewing the applicable statutes and case law, the Court now issues this Decision and Order **DENYING** Attorney Baza's Motion for the reasons set forth therein, but **GRANTING** the Motion on legal grounds different from that which was advanced in the Motion.

## FACTUAL & PROCEDURAL BACKGROUND

The Defendant is charged with the following offenses: 1) Aggravated Murder (As a First Degree Felony) with SPECIAL ALLEGATION: *Use of a deadly weapon in the commission of a felony*, 2) Murder (As a First Degree Felony) with SPECIAL ALLEGATION: *Use of a deadly weapon in the commission of a felony;* 3) Kidnapping (As a First Degree Felony); 4) Aggrabated Assault (As a Second Degree Felony) with SPECIAL ALLEGATION: *Use of a deadly weapon in the commission of a felony*; 5) Burglary to an Automobile (As a Second Degree Felony), and 6) Felonious Restraint (As a Third Degree Felony). *See* Superceding Indictment (Sept. 23, 2022). Attorney Baza was appointed to represent Defendant on March 7, 2024, after Attorney James Spivey passed away. *See* Ntc. of Court Appointed Counsel (Mar 7, 2024).[1] Prior to his passing, Attorney Spivey filed a Motion in Limine to Exclude Hearsay Evidence from Trial (Jul. 20, 2023), and the People filed its Opposition on Aug. 7, 2023. This motion is still pending before this Court.

On March 12, 2024, Attorney Martinez filed the instant Motion setting forth the basis of his request as follows: Attorney Baza "is a second-year associate at Blar Sterling, and that a significant sentence may potentially be imposed against the Defendant, Counsel is not expected

---

[1] Attorney Baza was appointed following the withdrawals of Public Defender Service Corporation and Alternate Public Defender for valid conflicts of interests after the death of prior appointed counsel James Spivey. Spivey had been appointed to represent the Defendant after the election of prior counsel Douglas Moylan to the position of Attorney General of Guam. *Ntc. of Court Appointed Counsel* (Feb. 7, 2023).

*People of Guam vs. Manuel Junior Cabrera Tedtaotao*
Criminal Case No. CF0495-21
Decision and Order re. Defense Counsel's Motion to Withdraw
Page **2** of 9

to lead as first chair in any trial in this matter." *Mot.* at 2. Therefore, Attorney Martinez argues, primary responsibility for this case falls upon Attorney Martinez, who seeks withdrawal due to an "unreasonable financial burden to the law firm because of the overwhelming number of criminal felony matters to which its attorneys have been appointed." *Id.*

On January 30, 2024, this Court previously excused the BLAIR STERLING JOHNSON & MARTINEZ law firm (the "Firm"), of which Attorneys Martinez and Baza are a part, due to the number of criminal felony matters to which they had been appointed as indigent legal counsel since January 1, 2023, and appointed replacement counsel in the case of *People of Guam vs. Ricky Chris Mcintosh, Jr.,* Criminal Case No. CF0343-22. *See, Minutes of Further Proceedings Hearing on January 30, 2024* at 9:52:01AM to 10:00:18 AM (Jan. 30, 2024)(Court permitting Attorney R. Marsil Johnson to withdraw as court appointed counsel and appointing Attorney Mun Su Park).

An alternative reason for the withdrawal is a potential bias arising from a distant relative who has been identified as a potential witness in this case as well as "the discovery of a very close relationship between a primary GPD investigator and a staff member at Blair Sterling significantly exacerbates the risk of material limitation on counsel's representation." *Mot.* at p. 5. Consequently, Defense Counsel seeks withdrawal based on Model Rule 1.7(a)(2) which purportedly prohibits representation where the "closeness of these relationships poses a substantial risk of compromising loyalty and advocacy on behalf of the client." *Id.* There is nothing in the Motion indicating that Defense Counsel has discussed this potential conflict with the Defendant or that the Defendant refuses to waive any such perceived conflict.

*People of Guam vs. Manuel Junior Cabrera Tedtaotao*
Criminal Case No. CF0495-21
Decision and Order re. Defense Counsel's Motion to Withdraw
Page 3 of 9

# LEGAL ANALYSIS

Rule 1.16 of the Guam Rules of Professional Conduct dictates when counsel may withdraw from representation of a client and provides as follows:

Rule 1.16: Declining or Terminating of Representation

(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
> (1) the representation will result in violation of the rules of professional conduct or other law;
> (2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or
> (3) the lawyer is discharged.

(b) except as stated in paragraph (e), a lawyer may withdraw from representing a client if:
> (1) withdrawal can be accomplished without material adverse effect on the interests of the client
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
> (7) other good cause for withdrawal exists.

(c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance

*People of Guam vs. Manuel Junior Cabrera Tedtaotao*
Criminal Case No. CF0495-21
Decision and Order re. Defense Counsel's Motion to Withdraw
Page 4 of 9

payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

Rules of Prof. Conduct, Rule 1.16, GU ST SUPER CT RPC Rule 1.16.

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right…to have the Assistance of Counsel for his defence." *See* U.S. Const. amend. VI. The Supreme Court of the United States has declared that the right to counsel is not a mechanical requirement, but includes "the right to effective assistance of counsel." *See Strickland v. Washington*, 466 U.S. 668, 684 (1984). Following this precedent, the Supreme Court of Guam has ruled that "[w]hile the constitutional guarantee of counsel is a fundamental right, a defendant is 'not entitled to a particular lawyer whom he can, in his view, have a 'meaningful attorney-client relationship'. Rather, a defendant is entitled to adequate and 'conflict free representation under the Sixth Amendment." *See People v. Libby*, 2021 Guam 27 ¶ 17 (citing *United States v. Moore*, 159 F.3d 1154-1157, 1158 (9th Cir. 1998) (quoting *Morris v. Slappy*, 461 U.S. 1, 3-4 (1983)).

1. **Public Defender Service Corporation (PDSC) Attorney qualifications provide an objective measure of "adequate legal representation" of an indigent criminal defendant.**

In determining what specifically constitutes "adequate" legal representation of an indigent criminal defendant, the Court turns to the qualifications of a Public Defender employed with the Public Defender Service Corporation, Government of Guam ("PDSC") for guidance. The *Public Defender Service Corporation Act of 1975* established PDSC "[i]n order to provide *effective* legal aid and assistance to those persons in Guam who are unable to afford counsel." 12 GCA § 11103 (emphasis added). The governing body of the PDSC is its Board of Trustees (12 GCA § 11107), which is charged with establish rules and regulations governing "selection, promotion,

*People of Guam vs. Manuel Junior Cabrera Tedtaotao*
Criminal Case No. CF0495-21
Decision and Order re. Defense Counsel's Motion to Withdraw
Page 5 of 9

performance evaluation, among other criteria of its personnel, including its attorneys. 12 GCA § 11110(a). The Court finds that the standards set by the Public Defender Service Corporation Act of 1975 and the PDSC Board of Trustees provide an objective gauge in determining whether an attorney is adequately qualified to represent an indigent criminal defendant.

A Public Defender is deemed qualified to represent indigent criminal defendants with as little as zero to two years as an Attorney Level 1.[2] In the Motion, Attorney Baza is listed as a second-year associate with the law firm. *Mot.* at p. 2. Attorney Baza has been admitted to practice law in Guam since October, 2021, and therefore has over two years of experience as a licensed attorney.[3] An Attorney Level 2 at the PDSC is an attorney with over two and less than four years of "progressively responsible experience as a licensed attorney and graduation from a law school accredited by the American Bar Association." The PDSC Attorney Level 2 "[h]andles a variety of moderate to serious legal matters and ability to resolve moderate cases with general supervision. Assists in preparation of more complex legal matters. Provides some guidance and mentoring to Level 1 attorneys, interns and externs. Provides guidance and mentoring to Level 1 attorneys and at times other Level 2 attorneys." *Id.*

Attorney Martinez, who has been admitted to practice law in Guam since 1994, would qualify as a Level 4 Attorney in the PDSC.[4] An Attorney Level 4 in the PDSC has eight or more years of progressively responsible experience as a licensed attorney and "handles core

---

[2] https://guampdsc.org/wp-content/uploads/2018/06/Attorney-Level-2-JA-03-18.pdf
[3] https://guambar.org/system/homes/directory_details/852?start=B&pay_for=Attorney (Guam Bar Association Member Directory)
[4] https://guambar.org/system/homes/directory_details/501?start=M&pay_for=Attorney (Guam Bar Association Member Directory)

*People of Guam vs. Manuel Junior Cabrera Tedtaotao*
Criminal Case No. CF0495-21
Decision and Order re. Defense Counsel's Motion to Withdraw
Page 6 of 9

assignments at a complex level, and critically analyzes and handles complex legal matters. Responsible for preparing complex cases to litigation, initiating and challenging legal policies; counseling high level clients, leadership on complex cases and legal issues. Leads, guides and mentors attorneys on matters including more complex legal matters; is a resource in specialized matters."[5] As for "Necessary Special Qualifications" to serve as court-appointed counsel for indigent defendants, the PDSC does not require any special background in criminal law or practice for any of its Attorney positions from Level 1 to Level 4. Under "Necessary Special Qualifications," requirements include "possession of a current license to practice law in a state or territory of the United States and a current certificate of good standing." No experience in criminal law is required for any level of attorney at the PDSC.

Although Defense Counsel has not necessarily grounded its Motion as one based upon inexperience or incompetence, the Court finds it relevant to discuss the attorney's experience as not justifying withdrawal in this case. However, the Court finds an alternative basis and authority for granting the Motion.

### 2. Authority to "Pass" or Refuse an Appointment under MR 1.1.3(b)(4)(A) of the Local Rules of the Superior Court of Guam.

Under the unusual circumstances precipitating the issuance of Promulgation Order PRM06-006-25 (Nov. 17, 2023), MR 1.1.3 (a)(3) was amended, and all appointments from the Private Attorney Panel for all criminal cases was suspended until May 1, 2024, and, instead active members of the Guam Bar Association, from a membership list as approved by the Supreme Court, were appointed after PDSC and APD attorneys were permitted to withdraw. This Court is

---

[5] https://guampdsc.org/wp-content/uploads/2018/06/Attorney-Level-4-JA-05-18.pdf

*People of Guam vs. Manuel Junior Cabrera Tedtaotao*
Criminal Case No. CF0495-21
Decision and Order re. Defense Counsel's Motion to Withdraw
Page 7 of 9

well aware that MR1.1.3(b)(4)(A) of the Local Rules technically applies to PAP attorneys; however, nothing in the Rule nor in the Promulgation Order prohibits the application of the "Pass" to active members of the bar who have been appointed during the suspension of the rule. As such, the Court shall apply MR 1.1.3(b)(4)(A) to determine whether Defense Counsel (and the Firm) may request a "pass" under the circumstances. The Rule provides as follows:

> PAP attorneys may refuse or "pass" an appointment when unavailable to assume the case due to scheduling conflicts, workload, or *other good cause*. Reasons for passing appointment shall be given to the ... Judge of the Superior Court overseeing the case, and passing may not be done more than three times during a calendar year.

*Id.* (Emphasis added). In this Motion, the grounds for withdrawal in this case fall within the "workload" and "other good cause" provisions of MR 1.1.3(b)(4)(A). The arguments that Defense Counsel and members of the Firm have been appointed to 16 criminal felony cases since January 2024 and that there may be a potential conflict of interest based upon relationships between members or employees of the Firm and government witnesses constitute "good cause" for applying the "pass" provisions of MR 1.1.3(b)(4)(A).[6] However, because the Court granted a prior Motion to withdraw for good cause in *People vs. Mcintosh,* this would constitute the second of three "passes" in 2024.

## CONCLUSION

For the above reasons, Defense Counsel's Motion to Withdraw Due is **GRANTED,** and Defense Counsel (and other members of the Firm) are relieved as counsel for Defendant. IT IS FURTHER ORDERED that _Thomas J. Fisher_ is appointed to represent the

---

[6] The Court takes judicial notice of the Firm's filing in CF0343-22 that the Firm was also appointed to 8 juvenile matters and one criminal petty misdemeanor as of January, 2024.

*People of Guam vs. Manuel Junior Cabrera Tedtaotao*
Criminal Case No. CF0495-21
Decision and Order re. Defense Counsel's Motion to Withdraw
Page **8** of **9**

Defendant. Defense Counsel is ordered to deliver the Defendant's case file to the newly appointed counsel within ten (10) days of this Order.[7]

**SO ORDERED** this <u>May 17, 2024</u>.

_____
**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

---

[7] MR 1.1.3(b)(4)(A) prohibits appointed counsel from charging the court for determining whether a conflict exists to permit withdrawal.

*People of Guam vs. Manuel Junior Cabrera Tedtaotao*
Criminal Case No. CF0495-21
Decision and Order re. Defense Counsel's Motion to Withdraw
Page **9** of **9**